UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re

JEFFREY JOSEPH JEROME and
CAROLINE JEROME,


                                Debtors.
-------------------------------------------------------------------X
JEFFREY JOSEPH JEROME and
CAROLINE JEROME,

                                Plaintiffs,

        -against-

CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND SOCIETY,
FSB, AS TRUSTEE FOR NORMANDY
MORTGAGE LOAN TRUST, SERIES 2013-17;
AURORA LOAN SERVICES, LLC; RUSHMORE
LOAN MANAGEMENT SERVICES, LLC; THE
BANK OF NEW YORK MELLON CORPORATION
AS INDENTURE TRUSTEE FOR AMERICAN
HOME MORTGAGE INVESTMENT TRUST 2004-4
and OCWEN LOAN SERVICING, LLC,

                                Defendants.
-------------------------------------------------------------------X

Chapter 11

Case No. 14-75114-ast


Adversary Pro. No.:

        JEFFREY JOSEPH JEROME and CAROLINE JEROME. (the "Debtors") by their

counsel, the Law Office of Michael G. Mc Auliffe, Esq., as and for their Complaint herein,

respectfully allege and represent to this Court as follows:

### **INTRODUCTION**

        1.      This action relies on claims and rights arising under 11 U.S.C. Sections 105 and

506(a) and (d), and Federal Rules of Bankruptcy Procedure ("FRBP") 3012, 6009 and 7001.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1334(a) and (b); 28 U.S.C. Section 157; and the standing Order of the District Court in this District, referring all bankruptcy cases filed in this District and all matters arising in and under said cases, and related to them, to the Bankruptcy Judges of this District, as the action arises in and under, and/or relates to, the Debtors' chapter 11 bankruptcy case (no. 14-75114-ast) currently pending before this Court.

3.      Upon information and belief, this action is a core proceeding under 28 U.S.C. Section 157(b)(2)(K).

4.      This is an action for the determination of the value of the secured liens held by the first position mortgage holders on each of the Debtors' parcels of rental real property located at 68 Norwood Avenue, Northport, New York 11768 bearing tax map designation District 0400, Section 050.00, Block 01.00, Lot 008.000 (the "Norwood Property") and 36 Makamah Road, Northport, New York 11768 District 0400, Section 015.00, Block 01.00, Lot 020.000 (the "Makamah Property") pursuant to 11 U.S.C. Section 506(a).

5.      Upon information and belief, Defendant CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-17 ("Christiana") is a division of the Wilmington Savings Fund Society, FSB, a corporation duly organized and existing under the laws of the State of Delaware, with an address for its principal place of business at 3801 Kennett Pike, Suite C-200, Greenville, DE 19807.

6.      Upon information and belief, Defendant AURORA LOAN SERVICES, LLC ("Aurora") is a corporation duly organized and existing under the laws of the State of Delaware, with an address for business located at 10350 Park Meadows Drive, Littleton, CO 80124.

7.      Upon information and belief, Defendant RUSHMORE LOAN MANAGEMENT SERVICES, LLC ("Rushmore") is a corporation duly organized and existing under the laws of the State of Delaware, with an address for business at 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618.

8.      Upon information and belief, Defendant THE BANK OF NEW YORK MELLON CORPORATION AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4 ("BONY") is a corporation duly organized and existing under the laws of the State of Delaware, with an address for business located at One Wall Street, New York, New York 10286.

9.      Upon information and belief, Defendant OCWEN LOAN SERVICING, LLC ("Ocwen") is a corporation duly organized and existing under the laws of the State of Delaware, with an address for business at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

## BACKGROUND FACTS

10.      On November 13, 2014 (the "Filing Date"), a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition") was filed on behalf of the Debtors.

11.      The Debtors do not reside at the Norwood Property or the Makamah Property, both of which are utilized as rental properties.

**A.    The Norwood Property**

12.    The Debtor Caroline Jerome is the sole owner in fee of the Norwood Property. A copy of the current deed to the Norwood Property is contained in the Norwood mortgage and lien search annexed hereto at Exhibit "A".

13.    On or about March 1, 2007, the Debtor Caroline Jerome executed and delivered to American Home Mortgage a first position mortgage lien on the Norwood Property in the sum of $925,000.00 in Liber 21500 page 331 (the "Norwood First Mortgage"), verification of which is contained in the Norwood mortgage and lien search annexed hereto at Exhibit "A".

14.    The Norwood First Mortgage was then assigned to Defendant Aurora Loan Services, LLC ("Aurora") by assignment dated February 6, 2008 , verification of which is contained in the Norwood mortgage and lien search annexed hereto at Exhibit "A".

15.    Upon information and belief, the Norwood First Mortgage is currently held by Defendant Christiana[1].

16.    According to the proof of claim filed in the Debtors' case by Christiana, the Norwood First Mortgage is currently being serviced by Defendant Rushmore. A copy of Christiana's proof of claim is annexed hereto at Exhibit "B".

17.    According to the proof of claim filed in the Debtors' case by Christiana, as of the Filing Date, the balance on the Norwood First Mortgage was $1,502,586.87. A copy of Christiana's proof of claim is annexed hereto at Exhibit "B".

---

[1]    The mortgage and lien search obtained by the Debtors did not indicate a transfer or assignment of ownership of the Norwood First Mortgage from Aurora to Christiana. However, as the proof of claim filed for the Norwood First Mortgage indicates that Christiana is the current owner of said Mortgage, it is assumed that the transfer documents evidencing same have not yet been filed with Suffolk County.

18.    The fair market value of the Norwood Property is $750,000.00, as evidenced by the appraisal dated February 22, 2015 annexed hereto at Exhibit "C".

**B.    The Makamah Property**

19.    The Debtor Jeffrey Joseph Jerome is the sole owner in fee of the Makamah Property. A copy of the current deed to the Makamah Property is contained in the Makamah mortgage and lien search annexed hereto at Exhibit "D".

20.    On or about November 9, 2004, the Debtor Jeffery Joseph Jerome executed and delivered to American Home Mortgage Acceptance Inc. a first position mortgage lien on the Makamah Property in the sum of $1,000,000.00 in Liber 28090 page 951 (the "Makamah First Mortgage"), verification of which is contained in the Makamah mortgage and lien search annexed hereto at Exhibit "D".

21.    The Makamah First Mortgage was then assigned to Defendant BONY pursuant to assignment dated June 23, 2010 , verification of which is contained in the Makamah mortgage and lien search annexed hereto at Exhibit "D".

22.    Upon information and belief, BONY is the current owner and holder of the Makamah First Mortgage.

23.    Upon information and belief, the Makamah First Mortgage is currently being serviced by Defendant Ocwen.

24.    As of the Filing Date, the outstanding balance on the Makamah First Mortgage was $1,538,580.27. As no proof of claim was filed by BONY, a copy of a recent statement evidencing the indebtedness is annexed hereto at Exhibit "E".

5

25.     The fair market value of the Makamah Property is $650,000.00, as evidenced by the appraisal dated February 22, 2015 annexed hereto at Exhibit "F".

## AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS CHRISTIANA, AURORA AND RUSHMORE

26.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "25" of this Complaint as though fully set forth at length herein.

27.     As of the Filing Date, the balance on the Norwood First Mortgage was $1,502,586.87.

28.     The Norwood Property has a value of $750,000.00.

29.     By virtue of the foregoing, it is respectfully submitted that Plaintiffs are entitled to a judgment declaring that pursuant to 11 U.S.C. Section 506(a)(1), the Norwood First Mortgage is secured to the extent of $750,000.00 and unsecured in the sum of $752,586.87.

## AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS CHRISTIANA, AURORA AND RUSHMORE

30.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "29" of this Complaint as though fully set forth at length herein.

31.     Upon information and belief, the Norwood First Mortgage is secured to the extent of $750,000.00 and unsecured in the sum of $752,586.87.

32.     By virtue of the foregoing, it is respectfully submitted that Plaintiffs are entitled to a judgment declaring that the Norwood First Mortgage constitutes a valid lien against the Norwood Property in the sum of $750,000.00, and that the balance of the Norwood First Mortgage is void pursuant to 11 U.S.C. Section 506(d).

6

## AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST
## DEFENDANTS BONY AND OCWEN

33.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "32" of this Complaint as though fully set forth at length herein.

34.      As of the Filing Date, the balance on the Makamah First Mortgage was $1,538,580.27.

35.      The Makamah Property has a value of $650,000.00.

36.      By virtue of the foregoing, it is respectfully submitted that Plaintiffs are entitled to a judgment declaring that pursuant to 11 U.S.C. Section 506(a)(1), the Makamah First Mortgage is secured to the extent of $650,000.00 and unsecured in the sum of $888,580.27.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST
## DEFENDANTS BONY AND OCWEN

37.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "36" of this Complaint as though fully set forth at length herein.

38.      Upon information and belief, the Makamah First Mortgage is secured to the extent of $650,000.00 and unsecured in the sum of $888,580.27.

39.      By virtue of the foregoing, it is respectfully submitted that Plaintiffs are entitled to a judgment declaring that the Makamah First Mortgage constitutes a valid lien against the Makamah Property in the sum of $650,000.00, and that the balance of the Makamah First Mortgage is void pursuant to 11 U.S.C. Section 506(d).

**WHEREFORE**, the Plaintiffs respectfully request that this Court enter judgment as follows:

   a.   as to the First Claim for Relief, determining that the Norwood First Mortgage is secured to the extent of $750,000.00 and unsecured in the sum of $752,586.87 pursuant to 11 U.S.C. Section 506(a)(1);

   b.   as to the Second Claim for Relief, determining that the Norwood First Mortgage is void pursuant to 11 U.S.C. Section 506(d) to the extent that it exceeds $750,000.00;

   c.   as to the Third Claim for Relief, determining that the Makamah First Mortgage is secured to the extent of $650,000.00 and unsecured in the sum of $888,580.27 pursuant to 11 U.S.C. Section 506(a)(1);

   d.   as to the Fourth Claim for Relief, determining that the Makamah First Mortgage is void pursuant to 11 U.S.C. Section 506(d) to the extent that it exceeds $650,000.00; and

   e.   for such other and further relief as this Court deems just and proper under the circumstances.

Dated: Melville, New York
       June 15, 2015

                                   LAW OFFICE OF MICHAEL G. Mc AULIFFE
                                   Counsel to the Debtors


                         By:    /s/ Michael G. Mc Auliffe, Esq.
                                Michael G. Mc Auliffe, Esq.
                                68 South Service Road, Suite 100
                                Melville, New York 11747
                                (631) 465-0044